758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES E. WHEELER; NORA L. WHEELER; AND SHARON CARMICHAEL,
PLAINTIFFS-APPELLEES,
v.
JOHN C. ROBERTS, COMMISSIONER OF HIGHWAYS, (NOW JAMES
RUNKE), DEFENDANT-APPELLANT.
 NO. 83-5792
 United States Court of Appeals, Sixth Circuit.
 2/11/85
 
 Appeal from the United States District Court for the Eastern District of Kentucky at Lexington
 Before: KENNEDY and CONTIE, Circuit Judges; and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The Commissioner of Highways of the Commonwealth of Kentucky appeals the order of the United States Magistrate granting summary judgment in favor of James E. Wheeler and his wife and daughter. Because on the present record we are unable to determine whether there remains a genuine issue of material fact, see Fed. R. Civ. P. 56(c), we remand the case to the Magistrate for clarification or redetermination of the facts found to be not in dispute and the legal basis for the Magistrate's decision.
 
 
 2
 This case presents the important question of whether the Kentucky Billboard Act, K.R.S. Secs. 177.830-.890, and regulations promulgated thereunder may constitutionally prohibit Wheeler from posting a non-commercial message on a leased billboard near an interstate highway. The Kentucky statute and regulations generally prohibit billboards within 660 feet of the highway, with certain exceptions. Among the exceptions are billboards in areas zoned commercial or industrial prior to September 1959, and billboards displaying certain categories of information pertaining to activities conducted at the site of the billboard ('on-site' billboards). The Magistrate held that the statute and regulations violated Wheeler's first and fourteenth amendment rights.
 
 
 3
 We are initially unable to determine whether the Magistrate held the statute and regulations unconstitutional on their face or only as applied to Wheeler. The Magistrate relied on the plurality opinion of Justice White in Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981). The plurality found that a San Diego billboard ordinance was 'unconstitutional on its face,' 453 U.S. at 521, because the ordinance favored commercial speech over non-commercial speech by allowing on-site commercial billboards but not on-site non-commercial billboards. The judgment of the Magistrate, however, was that the Kentucky statute and regulations were unconstitutional 'insofar as they operate or are enforced to prevent the erecting and maintenance by plaintiffs of signs depicting political and ideological messages in areas where signs bearing commercial messages are permitted,' apparently a holding that the statute and regulations are unconstitutional as applied.
 
 
 4
 The Magistrate's factual recitals do not resolve the uncertainty concerning the basis for his decision. The decision was apparently premised on the facts, found to be stipulated, that Wheeler's sign was not on-site commercial sign, that 'it was in an area not zoned commercial prior to 1959,' and that 'other signs commercial in nature are found in this zone.' We are able only to speculate as to whether this last statement refers to the existence of on-site or off-site commercial signs; or whether the area referred to is any area within 660 feet of the highway, any commercially zoned area, or any area zoned commercial after 1959. We cannot resolve this case without better understanding the meaning of these factual stipulations. For example, if off-site commercial signs were regularly permitted in areas not zoned commercial before 1959 (where the statute and regulation would apparently prohibit such signs), we must evaluate Wheeler's contention that he was singled out for enforcement of the statute because of the political content of his messages, and that its application to him is therefore unconstitutional. On the other hand, if the judgment is based on the fact that the statute permits on-site commercial signs and signs in areas zoned commercial before 1959, but not off-site signs in areas not zoned commercial before 1959, we must decide whether such provisions made the statute and regulations unconstitutional on their face.
 
 
 5
 We conclude that our function of appellate review may be properly served only after clarification of the basis for the judgment below. Accordingly, the judgment is reversed and the case is remanded to the Magistrate for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Douglas W. Hillman, United States District Court for the Western District of Michigan, sitting by designation